FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 11/10/15
★ NOV 09 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROXANNE ISABELLE GILLIS,

                Petitioner,

    v.

WARDEN OF METROPOLITAN DETENTION
CENTER,

                Respondent.
------------------------------------------------------------X

**DECISION AND ORDER**
15-CV-338 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 by Roxanne Isabelle Gillis ("Petitioner"). Petitioner seeks reinstatement of forty (40) days of good conduct time and the expungement of a disciplinary incident report from her records. Dkt. 1 ("Petition") at PDF 6. For the reasons that follow, Petitioner's *habeas* petition is DENIED.

## BACKGROUND

### I.    The Disciplinary Incident

Petitioner is an inmate currently incarcerated in the Metropolitan Detention Center Brooklyn ("MDC"). Dkt. 6 ("Opp.") at 2. Petitioner pled guilty to bank robbery and, on June 18, 2013, was sentenced to thirty-seven months imprisonment and three years of supervised release. *Id.* Assuming receipt of all possible good time credit, Petitioner is scheduled to be released no earlier than November 19, 2015. *Id.*

On December 5, 2013, Petitioner received an "incident report" and was told to provide a urine sample. Petition at PDF 4. Inmates at the MDC are subject to sanctions if they refuse to provide urine samples upon demand; a failure to do so within two hours of the sample's request and after being provided with water is deemed a refusal. Opp. at 3-4. Petitioner was "placed in a dry cell without a toilet or a sink and was provided with [five] 8 oz cups of water." Petition at PDF 4. A "dry cell" is a cell without running water, used to confine inmates who are providing a

1

urine sample to eliminate the possibility of a diluted or adulterated sample. Opp. at 4. After two hours, Petitioner informed the MDC officer on duty that she was prepared to provide a sample. Petition at PDF 4. Petitioner then asked the MDC officer to be moved to the neighboring cell with a toilet to provide the sample, on the ground that Petitioner would be unable to stop urinating once she started and would require a toilet to avoid urinating on herself. *Id.* at PDF 4-5. The MDC officer refused to move Petitioner. *Id.* at PDF 5. Petitioner then claims she refused to provide a sample, for which she received an incident report and was sanctioned. *Id.*

However, the Government submitted an incident report of December 6, 2013 by Lieutenant Wassen of the MDC which stated Petitioner had denied refusing to provide a sample, but instead had claimed a phobia of urinating in front of others. Dkt. 7 ("Bork Declaration") at ¶ 8; Dkt. 7-2 ("Ex. B") at ¶ 24. Lieutenant Wassen decided that, since Petitioner had no medical or psychological history of any such phobia, the charge of refusing to provide a urine sample should be admitted against Petitioner. Ex. B at ¶ 26. The Government also submitted a record of a disciplinary hearing on December 18, 2013. According to this record, Petitioner stated at the hearing she did not refuse to provide a urine sample, but was unable to do so within the allotted two hours. Dkt. 7-6 ("Ex. F") at § III.B. Petitioner was found to have refused to provide a urine sample without excuse and, as punishment, was subjected to sixty days of disciplinary segregation, disallowance of forty days of good time credit, and one hundred and eighty days of visiting, commissary, telephone, and email restriction. *Id.* at §§ IV, VI; Petition at PDF 7.

## II. Petitioner's Appeals

Petitioner appealed her sanctions to the Federal Bureau of Prisons Regional Office, which rejected her appeal on the ground that she did not require a sink to provide a sample. Petition at PDF 5. Petitioner then appealed to the Central Office of the Federal Bureau of Prisons, which

2

notified her that she would receive a decision by April 14, 2014, which was then extended to May 4, 2014. *Id.* Petitioner never received a decision from the Central Office, nor did she receive a response to her subsequent letters to the Central Office in June 2014 and September 2014. *Id.* In November of 2014, Petitioner sent a letter of inquiry to Charles Samuel, Jr., the Director of the Bureau of Prisons, to which she also did not receive a response. *Id.*

On January 22, 2015, Petitioner filed the instant Petition as a civil rights action in federal court against the Central Office of the Federal Bureau of Prisons. *See id.* at PDF 1. On February 9, 2015, the Court granted Petitioner leave to proceed *in forma pauperis*, converted the action to a petition for a writ of *habeas corpus* against the Warden of the Metropolitan Detention Center, and ordered the Metropolitan Detention Center not to deduct or encumber funds in the amount of $350.00 as a filing fee. Dkt. 5 ("Order Converting Case").

On March 24, 2015, the Government filed its memorandum in opposition to the Petition arguing Plaintiff has failed to put forth a procedural due process claim. Opp. at 9-12.

## DISCUSSION

### I. Legal Standard

This Court's review of Petitioner's petition is governed by 28 U.S.C. § 2241, which allows federal courts to grant *habeas corpus* petitions by prisoners "in custody in violation of the Constitution or the laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Second Circuit "has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention[,] and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotation marks and citations omitted; ellipses in original).

With respect to prison disciplinary actions,

> [t]he due process protections afforded a prison inmate do not equate to the full panoply of rights due to a defendant in a criminal prosecution. Notably, there is no right to counsel or to confrontation at prison disciplinary hearings. Nevertheless, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken.

*Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (internal quotation marks and citations omitted). "[J]udicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" *Sira*, 380 F.3d at 69 (quoting *Superintendent v. Hill*, 455 U.S. 445, 455 (1985)). This "extremely tolerant" standard is satisfied if there is "some reliable evidence" to support the disposition. *Id.* (internal quotation marks and citations omitted).

Further, the Bureau of Prison's lack of response to Petitioner's appeals does not affect the Court's decision on the instant Petition, as " [i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

II. **Analysis**

Petitioner argues she was wrongfully deprived of good time credit because she could not provide a sample in a dry cell without a toilet or sink. Petition at PDF 4-5. Here, however, Petitioner was given all the due process required by *Sira*: she was given advance written notice of the charges against her, a hearing affording her a reasonable opportunity to call witnesses, a hearing officer who had been uninvolved in the incident at issue, and a written statement of the disposition and the reasons therefor. *Sira*, 380 F.3d at 69; *see also* Ex. B (recording Petitioner's advance notice of the specific act charged, the specific time and date of the incident, and the

hearing, and citing Officer V. Caudill and Lieutenant L. Wassen as involved in the incident); Dkt. 7-3 ("Ex. C") (Petitioner's notice of hearing); Ex. F at §§ II.A, III.C.1, V, VII, IX (record of hearing before Officer D. Ryan showing Petitioner declined representation and declined to call witnesses, citing the evidence considered, and providing a reason for the sanction). The evidence considered at the disciplinary hearing was the testimony of Officer Caudill and the fact that, while Petitioner claimed not to have refused and to simply be unable, she failed to provide the sample within two hours. Ex. F. at § V. Petitioner does not contest that she failed to provide the sample within two hours. Petition at PDF 5. Instead, she argues the disciplinary hearing officer drew the wrong conclusion from that fact. *Id.* However, where the disciplinary disposition is supported by an uncontroverted fact that the deciding officer had "some evidence before him . . . that *could* support the conclusion[] reached," courts will not ordinarily disturb the disposition. *See, e.g., Hernandez v. Selsky*, 572 F. Supp. 2d 446, 452-453 (S.D.N.Y. 2008) (Holwell, J.) (internal quotation marks omitted; emphasis in original) (citing *Sira*, 380 F.3d at 76) (collecting cases where courts have found "some reliable evidence" supported the disposition). Accordingly, the Court has no basis to disturb the disposition. The Petition is hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

SO ORDERED.

/S/ Judge William F. Kuntz, II

5

Dated: November 9, 2015
    Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE